IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAKE D. MERONEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | NO. 4:09-CV-364-A |
| PHARIA, LLC, ET AL., | § | (Consolidated with |
| | § | NO. 4:09-CV-365-A) |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Having considered the motion to dismiss filed by defendant Pharia, LLC ("Pharia") and the response of plaintiff, Jake D. Meroney ("Meroney"), the court concludes that the motion should be granted and all causes of action asserted against Pharia should be dismissed.

I.

Nature of the Lawsuit

This action stems from two debt collection lawsuits filed in state court by Pharia, a purchaser of consumer debt, against Meroney, a purported debtor.[1] In his first amended complaint, Meroney alleges that the pleadings in those state court lawsuits contained several false, deceptive, and misleading statements, in violation of various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), the Texas Debt

---

[1] Meroney alleges that the state court lawsuits are Cause No. 08-10-721, Pharia, LLC v. Jake D. Meroney, 271st District Court of Wise County, Texas, and Cause No. CV-08-00142-4, Pharia, LLC v. Jake D. Meroney, Justice Court, Precinct 4, Wise County, Texas. Am. Compl. at 4, ¶¶ 9-10.

Collection Act, Tex. Fin. Code Ann. §§ 392.001-392.404 (Vernon 2006) ("TDCA"), and the Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (Vernon 2002) ("DTPA").

II.

## Grounds of the Motion

In its motion to dismiss, Pharia argues that Meroney's allegations fail to state a claim under the FDCPA. Pharia notes that if Meroney's claims under the FDCPA are dismissed, only state-law claims will remain against Pharia and argues that the court should therefore surrender supplemental jurisdiction over those claims.

III.

## Applicable Motion to Dismiss Principles

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although the reviewing court must normally view all allegations in the complaint in a light most favorable to the plaintiff, it need not credit bare conclusory allegations that are devoid of any factual enhancement. Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949-50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007). To survive a motion to dismiss, the complaint must

contain sufficient factual matter "to state a claim to relief that is plausible on its face." Ashcroft, 129 S. Ct. at 1949 (quoting Bell Atl., 550 U.S. at 570) (internal quotation marks omitted).

In adjudicating defendant's motion, the court may consider the complaint and its proper attachments. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). The court may also consider documents attached to defendant's motion to dismiss, as long as those documents are referred to in the complaint and are central to plaintiff's claims. Id. at 499.

IV.

Analysis

A.  FDCPA Claims

One of the purposes of the FDCPA is to eliminate the use of abusive, deceptive, and unfair debt collection practices by debt collectors. 15 U.S.C. § 1692(e). Section 1692e provides, in relevant part, that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . . .
>
> (2) The false representation of--(A) the character, amount, or legal status of any debt;
> . . . .
>
> (5) The threat to take any legal action that cannot legally be taken or that is not intended to be taken.
> . . . .

3

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

A representation is not false for the purpose of § 1692e unless it would mislead the unsophisticated or least sophisticated consumer. Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004). Such consumer "is neither shrewd nor experienced in dealing with creditors," but also is not "tied to the very last rung on the [intelligence or] sophistication ladder." Id. (alteration in original) (internal quotation marks omitted). Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Meroney alleges that Pharia violated subsections (2) and (10) of § 1692e because the original petitions and related affidavits filed in the state court lawsuits misrepresented (1) the contractual relationship between Pharia and Meroney, (2) the authenticity of business records attached to one of the affidavits, (3) the identity of the entity that created the business records, and (4) the amount of Pharia's damages. Additionally, Meroney alleges that the state court lawsuits are based on "contract[s] which simply [do] not exist" and therefore constitute action that cannot legally be taken, in violation of § 1692e(5). Am. Compl. at 8, ¶ 25. Finally, Meroney contends that, because the state court pleadings contain misrepresentations,

they constitute an "unfair or unconscionable means to collect or attempt to collect a debt" prohibited by § 1692f. Id.

1. Using False, Deceptive, or Misleading Representations in Violation of § 1692e(2)(A) & (10)

Meroney alleges that, in the original petition filed in each of the state court actions, Pharia represented that "[Pharia] or its assignor(s) entered into a binding loan contract with [Meroney] involving the application for, issuance of, and loans pursuant to a credit card . . . ." App. in Supp. of Def.'s Mot. to Dismiss ("Def.'s App.") 5, 65. According to Meroney, this statement is false because he "never entered into any contract with Pharia" or Pharia's assignor, Unifund CCR Partners. Am. Compl. at 5, ¶ 15.

Assuming that Meroney was not in direct contractual privity with Pharia or its direct assignor, the challenged statement still does not violate the FDCPA. Even an unsophisticated consumer is willing to read a collection notice, or, in this case, the pleadings in a collection lawsuit, with added care. See Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005). Pharia's state court petitions specify that the debts arose from credit cards issued by Chase Manhattan Bank and First USA Bank and provide the account numbers associated with those cards.[2] Furthermore, the related affidavits disclose that Chase and First USA sold the identified accounts to Unifund, which then

---

[2] Meroney does not deny holding the credit card accounts at issue in the state court lawsuits.

assigned them to Pharia. A careful reading of the state court petitions and related affidavits would thus reveal that Pharia purchased the debts thirdhand from Meroney's original creditors; therefore, the statement in the petitions that Meroney entered into a contract with Pharia or its assignors would not have misled an unsophisticated consumer about the character of the debts being sued upon.

Meroney next alleges that the "Affidavit of Assignment, Damages, and Business Records" filed in one of the state court actions misrepresented the authenticity of credit card statements attached thereto because the statements were facsimile copies, not "originals or exact duplicates of originals" as represented in the affidavit. Def.'s App. 13. Meroney pleads no facts suggesting that facsimile copies are not "exact duplicates of originals," and therefore fails to show why the identified statement is misleading. See Berg v. Blatt, Hasenmiller, Leibsker & Moore LLC, No. 07-C-4887, 2009 WL 901011, at *11 (N.D. Ill. Mar. 31, 2009) (holding that affidavit purportedly based on "original books and records" was not misleading where it was actually based on electronic copies of original records).

Third, Meroney claims that the business record affidavit falsely stated that Pharia created the attached credit card statements, when, in fact, they were generated by Chase Manhattan Bank and First USA Bank. The contents attached to the affidavit show that the records were originally created by other entities.

6

Consequently, despite the language in the affidavit, the unsophisticated consumer would not be misled into thinking that Pharia created the records or that its employees transmitted the information to be included in the records.

Finally, Meroney challenges the statement that the balances due on the credit card accounts equaled Pharia's "actual damages for the contract[s]." Id. According to Meroney, this statement is false because "Pharia purchased the subject accounts for a mere fraction of the amount sought to be collected in the Sate [sic] Court Cases." Am. Compl. at 7, ¶ 18. Meroney is just nitpicking; these allegations do not state a violation of the FDCPA. Even if the amounts of the debts are not Pharia's "actual damages" in the legal definition of the word, the statement in the affidavit would not mislead an unsophisticated consumer about the amount of the debt or the amount that Pharia is legally entitled to collect.

  2. <u>Threatening to Take Action that Cannot Legally Be Taken in Violation of § 1692e(5)</u>

Meroney also claims that Pharia violated § 1692e(5) by filing the state court lawsuits. He claims that the state court lawsuits are based on contracts between he and Pharia that do not exist, meaning that the suits are groundless and therefore constitute action that cannot legally be taken.

These allegations fail to state a claim for two reasons. First, although Meroney disclaims any contractual relationship with Pharia, he fails to allege facts showing that Pharia is not

7

legally entitled to collect the debts. In fact, the affidavits related to plaintiff's state court petitions suggest the contrary. Without pleading any facts showing that Pharia cannot legally recover the debts, Meroney's claim that the state court lawsuits are groundless is merely a conclusion and is not entitled to a presumption of truth. See Ashcroft, 129 S. Ct. at 1949. Moreover, regardless of whether the state court lawsuits are actions that cannot legally be taken, the fact is that Pharia did not <u>threaten</u> to take action, but actually took it by filing suit. As several other courts have recognized, § 1692e(5) applies only to "threats" of action, not to actions actually taken. Thus, Meroney has failed to state a claim under § 1692e(5). See, e.g., Delawder v. Platinum Fin. Servs. Corp., 443 F. Supp. 2d 942, 948 (S.D. Ohio 2005) (holding that plaintiff did not state a claim under § 1692e(5) where lawsuit to collect debt was actually filed).

      3.    <u>Using Unfair or Unconscionable Means to Collect a Debt in Violation of § 1692f</u>

Finally, Meroney alleges that the state court lawsuits are an unfair or unconscionable attempt to collect a debt because the pleadings contain the several misrepresentations discussed above. The court has already decided that none of the alleged misrepresentations are actually misleading; therefore, Meroney has not alleged any facts that state a claim under § 1692f.

B.    <u>State Law Claims</u>

The court has supplemental jurisdiction over Meroney's

state-law causes of action pursuant to 28 U.S.C. § 1367(a) because they are related to a claim over which the court has original jurisdiction, namely, Meroney's claim under the FDCPA. Now that the court has decided to dismiss that claim, however, it must decide whether to retain supplemental jurisdiction over the state-law claims, even though no federal causes of action remain against Pharia.

Supplemental jurisdiction over state law claims is a "doctrine of discretion, not of plaintiff's right." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). In determining whether to exercise supplemental jurisdiction over Meroney's state-law claims, "the court is guided by the statutory factors set forth in 28 U.S.C. § 1367(c)[3] as well as the common law factors of judicial economy, convenience, fairness, and comity." Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc., 554 F.3d 595, 601-02 (5th Cir. 2009). When, as in this case, the single federal-law claim is eliminated at an early stage of the

---

[3] Section 1367(c) of Title 28 provides that:

> The district courts may decline to exercise supplemental jurisdiction over a [state-law claim] if—
> (1) the claim raises a novel or complex issue of state law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

litigation, the general rule is to dismiss any pendent state-law claims. <u>Parker & Parsley Petroleum Co. v. Dresser Indus.</u>, 972 F.2d 580, 585 (5th Cir. 1992).

The court sees no reason to deviate from the general rule here. Each of the common law factors weigh heavily in favor of dismissal. First, the court has not devoted substantial judicial resources to this case--it has been pending for only four months, and the court has not made any significant rulings until this one. Furthermore, dismissing the state-law claims against Pharia will not cause any unfairness or inconvenience to the parties. Even though Meroney will have to refile his claims in state court if he wishes to pursue them, little new legal research will be necessary, as the same law that governs the claims here in federal court will continue to govern in state court. <u>See</u> <u>id.</u> at 587-88. Finally, principles of comity and federalism especially favor dismissal, as no federal-law claims against Pharia remain to be decided. <u>See</u> <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 & n.7 (1988). The statutory factors do not provide a compelling reason to retain jurisdiction, either. Thus, Meroney's pendent state-law causes of action against Pharia should be dismissed without prejudice to their refiling in state court.[4]

V.

Order

---

[4] In his complaint, Meroney also requests that the court "enjoin the Defendants' actions which violate the TDCA and DTPA." Am. Compl. at 11. Because the court has decided to dismiss Meroney's claims under the TDCA and DTPA, the court does not decide whether Meroney is entitled to the requested relief.

Therefore,

For the reasons discussed above,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all federal-law claims asserted by Meroney against Pharia be, and are hereby, dismissed with prejudice, and that all of Meroney's state-law claims against Pharia be, and are hereby, dismissed without prejudice to their refiling in state court.

The court determines that there is not just reason for delay in, and hereby directs, entry of final judgment as to such dismissals.

SIGNED October 19, 2009.

JOHN McBRYDE
United States District Judge